**Dated: March 31, 2017**

**The following is ORDERED:**



*Sarah A Hall*
United States Bankruptcy Judge

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROLINS PARKING LOT SERVICE, LLC, | ) | Case No. 17-10337-SAH |
| | ) | |
| Debtor. | ) | Chapter 7 |

**ORDER DENYING CORRECTED MOTION FOR DECLARATORY RELIEF
OR IN THE ALTERNATIVE RELIEF FROM THE AUTOMATIC STAY
OF 11 U.S.C. § 362(a), BRIEF IN SUPPORT, AND NOTICE
OF OPPORTUNITY FOR HEARING [DOC. 16]**

Before the Court is the Corrected Motion for Declaratory Relief or in the Alternative Relief from the Automatic Stay of 11 U.S.C. § 362(a), Brief in Support, and Notice of Opportunity for Hearing ("Motion") [Doc. 16] filed by Swift Financial Corporation d/b/a Swift Capital ("Swift") on March 29, 2017. Swift represents that it is a creditor of both Rolins Parking Lot Service, LLC ("Debtor"), and Debtor's owner, William Rolin ("Rolin"), as a guarantor. Swift also represents that it has a state court action pending against Debtor and Rolin in McClain County, in which Swift seeks to confirm an arbitration award, and that the state court action was stayed when Debtor filed its chapter 7 petition.

Swift's Motion states that "in an abundance of caution," it seeks an order declaring that the Bankruptcy Code's automatic stay is not in effect with respect to Rolin so that the pending state court litigation may go forward as against Rolin only.  However, Rolin is not before this Court in his individual capacity, and no actual case or controversy exists with respect to Swift's request for an order that would give rise to this Court's jurisdiction.  Petrino v. Graham (In re Graham), 946 F.2d 901, *1 (table) (citing DeFunis v. Odegaard, 416 U.S. 312, 316 (1974)) ("The exercise of judicial power depends on the existence of a case or controversy."); In re VitalSigns Homecare, Inc., 428 B.R. 14, 16-17 (Bankr. D. Mass. 2010).

This Court has authority to enter an order that interprets or clarifies a prior order. Travelers Indem. Co. v. Bailey, 557 U.S. 137, 151 (2009).  Pursuant to Section 362(j) of the Bankruptcy Code, it is also authorized to enter "comfort orders"[1] with respect to termination of the automatic stay under certain limited circumstances.  In re Dienberg, 348 B.R. 482, 487 (Bankr. N.D. Ind. 2006) (comfort orders limited to termination of stay under Section 362(c)); In re Wade, 501 B.R. 870, 875 (Bankr. D. Kan. 2013).  However, Swift's request does not fall into either one of these categories.

The business of the bankruptcy courts, like all federal courts, is to resolve actual legal and factual disputes; they do not render advisory opinions.  King Res. Stockholders' Protective Comm. v. Baer (In re King Res. Co.), 651 F.2d 1326, 1331 (10th Cir. 1980) ("[I]t is the duty of the courts to decide actual controversies by a judgment which can be carried into effect, and not

---

[1] Relief granted under 11 U.S.C. § 362(j) is often referred to as a "comfort order" because it is typically sought by a claimant to satisfy a state court that a dispute may proceed despite pendency of a bankruptcy case.  In re Thomas, 469 B.R. 915, 921 (10th Cir. BAP 2012).  See also In re Hill, 364 B.R. 826, 828 (Bankr. M.D. Fla. 2007).

to give advisory opinions[.]"); In re Ouellette, 2005 WL 1563532 (Bankr. D. N.H. 2005).

Further, an order which does nothing but confirm a state of affairs that already exists serves no useful purpose.  In re Sullen, 2008 WL 6191999, *5 (Bankr. N.D. Ohio 2008).

The Court may not grant Swift any type of relief because it is unnecessary to do so. Accordingly, the Motion is hereby DENIED.[2]

IT IS SO ORDERED.

# # #

---

[2]The Court would point out that Swift filed its original Motion giving 14 days notice and opportunity for hearing on March 28, 2017 [Doc. 15], and simultaneously uploaded its proposed order granting relief on the Motion (the corrected Motion [Doc. 16] was subsequently filed on March 29, 2017).  Ordinarily, a movant must wait until the notice period stated in a motion expires to upload its proposed order.  In this case, however, the Court determined that, because it cannot grant Swift any relief, it was unnecessary to wait for the notice period to expire before entering this order.